IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JESSICA E. SIDES, ) | |
| ) | CASE NO. BK08-40423-TJM |
| Debtor(s). ) | A08-4021-TJM |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| LIBERTY ALLIANCE FEDERAL CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendant. ) | |

ORDER

    This matter is before the court on cross-motions for summary judgment by the defendant (Fil. #17) and the plaintiff (Fil. #19). Rick D. Lange and Brian S. Kruse represent the trustee, and Victor E. Covalt III represents the credit union and Bigler Motors. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

    The Chapter 7 trustee filed this lawsuit to avoid as a preference the creditor's lien on the debtor's vehicle. The parties agree on the following facts:

1. Debtor Jessica E. Sides commenced a Chapter 7 proceeding by voluntary petition filed February 28, 2008.

2. Rick D. Lange is the trustee of Ms. Sides' bankruptcy case.

3. Bigler Motors is a car dealership licensed to do business in Nebraska.

4. Ms. Sides and Bigler Motors entered into a "Nebraska Vehicle Purchase Contract" No. 721029 on August 17, 2007, whereby Ms. Sides agreed to purchase a 2002 Lincoln LS vehicle, VIN 1LNHM87A52Y615003, from Bigler Motors.

5. On August 17, 2007, Ms. Sides entered into and executed a "Retail Installment Contract and Security Agreement" with Bigler Motors.

6. The installment agreement was assigned by Bigler Motors to Liberty Alliance Federal Credit Union on August 17, 2007.

    7.       Ms. Sides took physical possession of the vehicle on August 17, 2007.

    8.       On January 8, 2008, the Nebraska Department of Motor Vehicles issued certificate of title 08008330004 to Ms. Sides for the vehicle.

    9.       On January 8, 2008, the lien of Liberty Alliance Federal Credit Union was noted on the title to the vehicle.

    10.      The vehicle was surrendered to the Chapter 7 trustee with reservation of rights.

    11.      On January 8, 2008, Ms. Sides was insolvent.

    12.      The trustee has properly preserved the right to bring this action.

    13.      Bigler Motors repurchased the retail installment contract and security agreement subsequent to the bankruptcy being filed herein under right of recourse and is defending this case in the name of the original defendant but Bigler Motors is a real party in interest.

Both sides have moved for summary judgment, arguing that no factual issues exist and each side is entitled to judgment as a matter of law.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004); Williams v. Marlar (In re Marlar), 267 F.3d 749, 755 (8th Cir. 2001).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The trustee asserts that the facts of this case fall squarely within the definition of a preference because the creditor's lien was noted on the vehicle title more than 30 days after the automobile was purchased, fewer than 90 days before the bankruptcy case was filed, and while the debtor was insolvent. Section 547(b) of the Bankruptcy Code authorizes the trustee to avoid any transfer of – including the creation of a lien on – a debtor's interest in property that is:

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;
    (4) made—
        (A) on or within 90 days before the date of the filing of the petition;. . . and
    (5) that enables such creditor to receive more than such creditor would receive if—
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the
provisions of this title.

    The parties concede the facts of this case constitute an avoidable preference. However, the defendant argues that the avoidance exception under § 547(c)(1) applies in this case because the process of purchasing the automobile and obtaining title was actually two separate transactions for which new value was given each time. The first transaction occurred on August 17, 2007, and involved the debtor's receipt of physical possession of the vehicle with a right to obtain the title subject to the defendant's lien pursuant to the security agreement. The second transaction occurred on January 8, 2008, and involved the debtor's receipt of the title in exchange for the notation of the defendant's lien on that title. The defendant takes the position that the lien notation was a contemporaneous exchange for new value and therefore was not a preferential transfer. In the alternative, the defendant contends that § 547(c)(4) excepts the lien from avoidance because the creditor gave new value after the transfer for which it is not otherwise secured. Specifically, the creditor argues that if the lien is avoided, the debtor will have received an asset for the bankruptcy estate without the obligation to pay for that asset.

    The defendant's position is premised on the contractual language of the sales transaction, in which Ms. Sides purchased the vehicle "as is pending financing," and that Ms. Sides acquired only certain rights when she purchased the car on August 17, 2007, with the remainder of her rights to the property conditional upon completion of financing arrangements and upon the completion of future payments. In essence, the parties intended to transfer the ownership interest in the vehicle for a perfected security interest in the vehicle, according to the defendant, and that transfer was not completed until title was issued with the lien noted on it.

    However, this attempt by the defendant to avoid the effects of § 547(c)(3)[1] is contrary to

---

[1]§ 547(c) The trustee may not avoid under this section a transfer—
. . . .
(3) that creates a security interest in property acquired by the debtor—
    (A) to the extent such security interest secures new value that was—
        (i) given at or after the signing of a security agreement that contains
a description of such property as collateral;
        (ii) given by or on behalf of the secured party under such agreement;
        (iii) given to enable the debtor to acquire such property; and
        (iv) in fact used by the debtor to acquire such property; and
    (B) that is perfected on or before 30 days after the debtor receives possession
                                                                           (continued...)

Nebraska law. The defendant acknowledges that on August 17, 2007, the debtor was provided with possession of the vehicle and written documents of sale complying with Neb. Rev. Stat. § 60-1417. Delivery of possession and the § 60-1417 documents give the debtor an ownership interest in the vehicle. Neb. Rev. Stat. § 60-140. The defendant argues that the language of § 60-140 does not provide a buyer with *all* right, title, claim, or interest in a vehicle, and in this case only some rights were provided pending completion of financing. If that were true, then presumably § 60-140 would make clear that only possession of the vehicle and a certificate of title would convey full ownership rights. As it stands, the statute recognizes that a bill of sale or the § 60-1417 documents are sufficient to convey ownership as well. Therefore, it appears the debtor obtained full ownership rights on August 17 and the defendant's argument to the contrary is unavailing.

With regard to the affirmative defense of § 547(c)(4), the defendant, as transferee, bears the burden of proof and production and must demonstrate by a preponderance of the evidence that: (1) it received a transfer that is otherwise avoidable as a preference under § 547(b); (2) after receiving the preferential transfer, it provided new value to the debtor on an unsecured basis; and (3) the debtor did not compensate it with an "otherwise unavoidable" transfer for the new value. Kroh Bros. Dev. Co. v. Continental Constr. Eng'r, Inc. (In re Kroh Bros. Dev. Co.), 930 F.2d 648, 652 (8th Cir. 1991)). The defendant here maintains that the issuance of the certificate of title in January 2008 was a separate transaction that provided new value to the debtor's estate. The defendant is able to take this position only because of the lengthy delay between the purchase of the vehicle and the delivery of the title certificate. The reason for the delay is not explained in the evidence. Regardless, state law requires an application for a certificate of title to be filed within 30 days after the delivery of the vehicle, Neb. Rev. Stat. § 60-144, so the success of defendant's position regarding a separate transaction four months later would necessitate an unlawful manipulation of state law. The defendant did not provide "new value" through issuance of the title certificate and § 547(c)(4) is inapplicable. The trustee's motion will be granted.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. #17) is denied. The plaintiff's motion for summary judgment (Fil. #19) is granted. The lien is avoided. Separate judgment will be entered.

DATED:      December 15, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

---

[1](...continued)
of such property[.]

This section clearly requires the court to grant the trustee's avoidance of a lien put in place more than 30 days after the debtor receives possession of the property. Fidelity Fin'l Servs., Inc. v. Fink, 522 U.S. 211 (1998).

Notice given by the Court to:
    Victor E. Covalt III
    Brian S. Kruse
    Rick D. Lange
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.